**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
:
ALPERTON CAPITAL LTD., CAPINVEST :
FUND LTD., UNIVERSAL INVESTMENT : ECF Case No. 1:19-cv-04602 (LTS)
FUND LTD., COMERCIAL PERFURADORA :
DELBA BAIANA LTDA., AND INTEROIL :
REPRESENTAÇÃO LTDA., :
:
              Petitioners, :
        v. :
:
CONSTELLATION OVERSEAS LTD., :
:
             Respondent. :
:
-----------------------------------------------------------X

**PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF PETITION AND PROPOSED ORDER TO SHOW CAUSE WHY ARBITRATION AWARD SHOULD NOT BE CONFIRMED AND INJUNCTION IN AID OF ARBITRATION ISSUED**

## TABLE OF CONTENTS

FACTUAL AND PROCEDURAL BACKGROUND ................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.     THE INTERIM AWARD SHOULD BE CONFIRMED
          UNDER THE FEDERAL ARBITRATION ACT .................................................. 2

    II.    AN IMMEDIATE PRELIMINARY INJUNCTION SUPPORTING
          THE INTERIM AWARD IS WARRANTED ........................................................ 7

         A.    Petitioners Will Be Irreparably Harmed if Constellation
              Is Not Ordered To Comply with the Tribunal's Interim Award .................. 7

         B.    Petitioners Are Likely to Succeed on the Merits of Their
              Request To Confirm and Enforce the Interim Award ............................... 10

         C.    Constellation Will Face No Undue Hardship from a Preliminary
              Injunction Pending Confirmation of the Interim Award ............................ 11

         D.    No Security Is Warranted .......................................................................... 11

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvenus Shipping Co.* v. *Delta Petroleum (U.S.A.) Ltd.*,
   876 F. Supp. 482 (S.D.N.Y. 1994) ...................................................................................8

*Asa* v. *Pictometry Int'l Corp.*,
   757 F. Supp. 2d 238 (W.D.N.Y. 2010) ....................................................................7, 8, 10

*Banco de Seguros del Estado* v. *Mutual Marine Offices, Inc.*,
   344 F.3d 255 (2d Cir. 2003)...............................................................................................4

*CE Int'l Res. Holdings LLC* v. *S.A. Minerals Ltd. P'ship*,
   2012 WL 6178236 (S.D.N.Y. Dec. 10, 2012) ................................................................4, 5

*Compagnie Noga D'Importation et D'Exportation, S.A.* v. *Russian Fed'n*,
   361 F.3d 676 (2d Cir. 2004)............................................................................................5, 6

*Corning Inc.* v. *PicVue Electronics, Ltd.*,
   365 F.3d 156 (2d Cir. 2004)..............................................................................................11

*D.H. Blair & Co.* v. *Gottdiener*,
   462 F.3d 95 (2d Cir. 2006)..................................................................................................2

*Daum Global Holdings Corp.* v. *Ybrant Digital Ltd.*,
   2014 WL 896716 (S.D.N.Y. Feb. 20, 2014).......................................................................5

*Doctor's Assocs., Inc.* v. *Stuart*,
   85 F.3d 975 (2d Cir. 1996)........................................................................................... 11-12

*Doscher* v. *Sea Port Grp. Secs.*,
   752 Fed.Appx. 102 (2d Cir. 2019) ......................................................................................2

*Ecopetrol S.A.* v. *Offshore Expl. & Prod. LLC*,
   46 F. Supp. 3d 327 (S.D.N.Y. 2014) ..................................................................................3

*Encyclopaedia Universalis S.A.* v. *Encyclopaedia Britannica, Inc.*,
   403 F.3d 85 (2d Cir. 2005).................................................................................................5

*GE Transportation (Shenyang) Co.* v. *A-Power Energy Generation Sys., Ltd.*,
   2015 WL 7444625 (S.D.N.Y. Nov. 23, 2015)...............................................................8, 10

*Faiveley Transport Malmo AB* v. *Wabtec Corp.*,
   559 F.3d 110 (2d Cir. 2009)................................................................................................7

*Ferguson* v. *Tabah*,
   288 F.2d 665 (2d Cir. 1961)..............................................................................................11

*Florasynth, Inc.* v. *Pickholz*,
  750 F.2d 171 (2d Cir. 1984)...........................................................................................2

*Gelfand* v. *Stone*,
  727 F. Supp. 98 (S.D.N.Y. 1989) ..................................................................................8

*Health Professionals & Allied Employees AFT/AFL–CIO* v. *MHA, LLC*
  2017 WL 6550488 (D.N.J. Dec. 21, 2017).....................................................................8

*Local 144, Hotel, Hosp., Nursing Home and Allied Services Union, SEIU, AFL-CIO* v. *CNH Mgmt Ass., Inc.*,
  669 F.Supp. 632 (S.D.N.Y. 1987) .................................................................................4

*Loral Corp.* v. *Swiftships, Inc.*,
  77 F.3d 420 (11th Cir. 1996) ........................................................................................8

*Lusk* v. *Vill. of Cold Spring*,
  475 F.3d 480 (2d Cir. 2003)..........................................................................................7

*Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Salvano*,
  999 F.2d 211 (7th Cir. 1993) ........................................................................................8

*Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985).......................................................................................................6

*Morgan Stanley Smith Barney LLC* v. *Walker*,
  2018 WL 1737512 (E.D. Pa. Mar. 22, 2018).................................................................9

*Quantum Corp. Funding, Ltd.* v. *Assist You Home Health Care Servs. of VA.*,
  144 F. Supp. 2d 241 (S.D.N.Y. 2001)............................................................................8

*Republic of Philippines* v. *Marcos*,
  806 F.2d 344 (2d Cir. 1986)..........................................................................................8

*S. Seas Navigation Ltd. of Monrovia* v. *Petroleos Mexicanos of Mexico City*,
  606 F. Supp. 692 (S.D.N.Y. 1985) ................................................................................4

*Telenor Mobile Commc'ns AS* v. *StormLLC*,
  584 F.3d 396 (2d Cir. 2009)..........................................................................................2

*Venconsul N.V.* v. *TIM Int'l N.V.*,
  2003 WL 21804833 (S.D.N.Y. 2003) ...........................................................................7

*Waterside Ocean Nav. Co.* v. *Int'l Nav. Ltd.*,
  737 F.2d 150 (2d Cir. 1984)..........................................................................................6

*Westerbeke Corp.* v. *Daihatsu Motor Co.*,
  304 F.3d 200 (2d Cir. 2002) .........................................................................................2

iii

*Yonir Techs., Inc.* v. *Duration Systems (1992) Ltd.*,
    244 F. Supp. 2d 195(S.D.N.Y. 2002) ...................................................................................4

*Zeiler* v. *Deitsch*,
    500 F.3d 157 (2d Cir. 2007)..............................................................................................2, 3, 4

**International Treaties**

The United Nations Convention on the Recognition and Enforcement of Foreign
    Arbitral Awards, 21 U.S.T. 2517 ................................................................................ *passim*

**Statutes**

9 U.S.C. § 201 *et seq.* ............................................................................................ *passim*

9 U.S.C. § 207....................................................................................................................2

**Rules**

Federal Rule of Civil Procedure 65 ............................................................................1, 11

Petitioners Alperton Capital Ltd., Capinvest Fund Ltd., Universal Investment Fund Ltd., Comercial Perfuradora Delba Baiana Ltda. and Interoil Representação Ltda. (collectively, "Petitioners" or "Alperton"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Petition and Proposed Order to Show Cause why an order should not be issued confirming and enforcing the Interim Award issued on April 26, 2019 ("Interim Award") in the ongoing International Chamber of Commerce ("ICC") arbitration seated in New York with Constellation Overseas Ltd. ("Constellation") styled *Constellation Overseas Ltd.* v. *Alperton Capital Ltd. et al.*, ICC Case No. 23856/MK (the "Arbitration") pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (the "Convention" or the "New York Convention") and Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*. ("FAA") and preliminarily enjoining the respondent, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in the conduct prohibited by the Interim Award until this Court enters judgment confirming and enforcing the Interim Award, or until the tribunal issues a final award on the merits of the dispute between the parties, whichever occurs first.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioners respectfully refer the Court to the factual and procedural background set forth in the Petition to Confirm and Enforce Arbitration Award ("Petition") and exhibit thereto.[1]

---

[1] Unless otherwise noted, capitalized terms used herein have the meaning set forth in the Petition.

# ARGUMENT

I. **THE INTERIM AWARD SHOULD BE CONFIRMED UNDER THE FEDERAL ARBITRATION ACT**

Under the FAA, upon application of any party to an arbitration for an order confirming an arbitral award falling under the New York Convention, the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Confirmation of an arbitral award is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court" so that the party seeking confirmation may pursue all the normal remedies attendant to a federal court order and judgment. *Florasynth, Inc.* v. *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); *see also D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (same). "Given the strong public policy in favor of international arbitration, review of arbitral awards under the New York Convention is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Telenor Mobile Commc'ns AS* v. *StormLLC*, 584 F.3d 396, 405 (2d Cir. 2009) (citation omitted). Thus, "[c]onfirmation under the [New York] Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Zeiler* v. *Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007); *see also Doscher* v. *Sea Port Grp. Secs.*, 752 Fed.Appx. 102, 103 (2d Cir. 2019) ("This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process."); *Westerbeke Corp.* v. *Daihatsu Motor Co.*, 304 F.3d 200, 214 (2d Cir. 2002) ("The arbitrator's factual findings and contractual interpretation are not subject to judicial challenge.").

2

Here, the Interim Award unquestionably falls within the scope of the New York Convention and thus the FAA. The Convention applies to, *inter alia*, the enforcement of all arbitral awards that are "not considered as domestic awards in the [country] where their recognition and enforcement are sought." Convention, § 1. Where, as here, all parties to the arbitration are incorporated and have their principal place of business outside of the United States, and the subject matter of the dispute involves assets abroad, the arbitration and arbitral awards that result are non-domestic even if the arbitration took place in New York. *See, e.g.*, *Zeiler*, 500 F.3d at 164 (arbitration was non-domestic, even though it took place in New York, where some of the assets were located in Israel and some parties resided in Israel). Here, the parties were incorporated in the BVI, the Bahamas and/or Brazil, have their principal places of business outside the United States, and their dispute involves ownership of equity interests in two BVI companies that operate drillships in Brazil. Petition ¶¶ 8-13, 21. Moreover, the Interim Award addresses the threatened use of the Disputed Shares and the Companies' assets as collateral for a refinancing of other Brazilian assets of Constellation of its affiliates.

In addition, the Interim Award is enforceable as a final award under the FAA because it "require[s] specific action, resolve[s] the rights and obligations of the parties with respect to the interim period at issue, and d[oes] so without in any way affecting future decisions of the arbitral panel." *Ecopetrol S.A.* v. *Offshore Expl. & Prod. LLC*, 46 F. Supp. 3d 327, 337 (S.D.N.Y. 2014) (Koeltl, J.). Here, the Tribunal conclusively resolved Petitioners' application for interim measures requiring specific action: that Constellation refrain from pledging, transferring or encumbering its shares, and that it give Alperton adequate notice of certain decisions pending the Tribunal's final award on the merits of the parties' claims. (Petition Ex. 1 (Interim Award) at 49-50.) The Interim Award does not resolve or purport to resolve any

3

ultimate disputes on the merits (*see, e.g.*, *id.* ¶ 188 (noting that the Tribunal was avoiding "pre-judgment" of the merits)), meaning its decision does not affect the Tribunal's future decisions. *See, e.g.*, *S. Seas Navigation Ltd. of Monrovia* v. *Petroleos Mexicanos of Mexico City*, 606 F. Supp. 692, 694 (S.D.N.Y. 1985) (Weinfeld, J.) ("Just as a district court's grant of a preliminary injunction is reviewable as a discrete and separate ruling apart from any decision on the merits, so too is an arbitration award granting similar equitable relief."); *Local 144, Hotel, Hosp., Nursing Home and Allied Services Union, SEIU, AFL-CIO* v. *CNH Mgmt Ass., Inc.,* 669 F.Supp. 632, 633–34 (S.D.N.Y. 1987) (An "interim award [for] equitable relief to preserve the integrity of a final award . . . is an end in itself, for its very purpose is to clarify the parties' rights in the 'interim' period pending a final decision on the merits").

Courts in this Circuit regularly enforce interim awards granting preliminary equitable relief under the FAA, particularly where (as here) that relief is meant to preserve the arbitral tribunal's ability to effectively rule on the merits of the parties' claims. *See*, *e.g.*, *Yonir Techs., Inc.* v. *Duration Systems (1992) Ltd.*, 244 F. Supp. 2d 195, 204–05 (S.D.N.Y. 2002) ("[E]quitable awards involving the preservation of assets related to the subject of arbitration are generally considered 'final' arbitral awards"); *Zeiler*, 500 F.3d at 168-69 (holding that tribunal's interim orders requiring a party to provide accounting of the joint U.S. real estate venture were final and enforceable); *Banco de Seguros del Estado* v. *Mutual Marine Offices, Inc.*, 344 F.3d 255, 258, 263 (2d Cir. 2003) (affirming a district court's confirmation of an interim award ordering respondent to post and maintain contractually mandated letter of credit pending a final determination by the tribunal); *CE Int'l Res. Holdings LLC* v. *S.A. Minerals Ltd. P'ship*, 2012 WL 6178236, at *3 (S.D.N.Y. Dec. 10, 2012) (McMahon, J.) (confirming an interim award requiring respondent to post security and enjoining respondent from transferring assets until

4

security is posted). It makes no difference that the Interim Award could be dissolved in the future by the Tribunal depending on the security posted by Alperton. *See CE Int'l*, 2012 WL 6178236 at *1 (confirming interim award requiring posting of bond to avoid a "*Mareva* injunction" even though that requirement was "preliminary and subject to change."); *see also Daum Global Holdings Corp.* v. *Ybrant Digital Ltd.*, 2014 WL 896716, at *2 (S.D.N.Y. Feb. 20, 2014) (Nathan, J.) (confirming award for repayment of advance on costs where "the Tribunal made its award immediately payable despite the possibility of later readjustments").

Nor do any of the seven limited grounds under which a court may refuse recognition and enforcement of an award under the New York Convention apply here. *See* Convention Art. V.² *First*, there is no question that the parties consented to the arbitration clause in the SHAs pursuant to which the Arbitration has proceeded, and Constellation has never claimed otherwise. *Id*. Art. V(1)(a). Indeed, Constellation initiated the Arbitration and the parties have voluntarily participated in those proceedings since the outset. *Second*, both parties had a full and fair opportunity to present their respective cases through extensive briefing and a hearing before the Tribunal. (*See id*. Art. V(1)(b); Petition Ex. 1 (Interim Award) ¶¶ 72, 81, 87, 92, 95-96, 99.) *Third*, the Interim Award addresses the core issue contemplated by the terms of

---

² The seven grounds are, in summary terms, (a) the arbitration agreement is invalid, (b) lack of notice or inability to present one's case, (c) the award deals with a difference outside the arbitration clause, (d) the arbitral tribunal was improperly constituted, (e) the award has not yet become binding or has been set aside by a court, (f) the subject matter is not arbitrable, and (g) the recognition and enforcement of the award would be contrary to U.S. public policy. *See* Convention, Art. V.

Alperton does not bear the burden of proving that these exclusions do not apply in order to obtain confirmation. Rather, a "party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies." *See Encyclopaedia Universalis S.A.* v. *Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005); *Compagnie Noga D'Importation et D'Exportation, S.A.* v. *Russian Fed'n*, 361 F.3d 676, 683 (2d Cir. 2004).

5

the parties' submission to arbitration—namely shareholder and management rights under the SHAs. *See* Convention Art. V(1)(c). The SHAs provide that "[a]ll disputes, controversies or differences arising out of or in connection with this Agreement or any breach thereof . . . shall be referred to and finally resolved by arbitration under the rules of the International Chamber of Commerce ('ICC')." (Petition Ex. 1 (Interim Award) ¶ 14 (citing SHAs § 18.3).) Again, it was Constellation, not Petitioners, who placed the Disputed Shares squarely at issue through its Request for Arbitration. (*Id.* ¶¶ 34, 49.) *Fourth*, the Tribunal was constituted pursuant to a procedure agreed to by the parties, without objection. (*See* Convention Art. V(1)(d); Petition Ex. 1 (Interim Award) ¶¶ 49-50, 54, 57.) *Fifth*, the award is effective and thus binding on the parties—indeed the Tribunal expressly made the interim relief "effective immediately"—and no court has set it aside. (*See* Convention Art. V(1)(e); Petition Ex. 1 (Interim Award) at 50.) *Sixth*, the subject matter, shareholder rights under a joint venture agreement, is arbitrable. Convention, Art. V(2)(a).

*Finally*, there is no public policy or law in the U.S. preventing the Interim Award's enforcement. Convention, Art. V(2)(b). The public policy defense of Article V of the Convention "must be construed in light of the overriding purpose of the Convention, which is 'to encourage the recognition and enforcement of commercial arbitration agreements in international contracts.'" *Waterside Ocean Nav. Co.* v. *Int'l Nav. Ltd.*, 737 F.2d 150, 152 (2d Cir. 1984); *Compagnie Noga*, 361 F.3d at 683 ("[T]he public policy in favor of international arbitration is strong."); *Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 639 n.21 (1985) ("[W]e decline to subvert the spirit of the United States' accession to the [New York] Convention by recognizing subject-matter exceptions where Congress has not expressly directed the courts to do so.").

Accordingly, the Court should confirm the Interim Award and enter judgment on the relief granted therein.

## II. AN IMMEDIATE PRELIMINARY INJUNCTION SUPPORTING THE INTERIM AWARD IS WARRANTED.

In addition, the Court should immediately issue a preliminary injunction mirroring the interim relief in the Interim Award until the Court can consider Alperton's application to confirm that award. Courts in this Circuit have the "power to grant preliminary injunctive relief'" in support of arbitrations. *Asa* v. *Pictometry Int'l Corp.*, 757 F. Supp. 2d 238, 242 (W.D.N.Y. 2010); *see also Venconsul N.V.* v. *TIM Int'l N.V.*, 2003 WL 21804833, at *3 (S.D.N.Y. 2003) (Swain, J.) (recognizing "a court's power to entertain requests for provisional remedies in aid of arbitration"); *Faiveley Transport Malmo AB* v. *Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009) (affirming district court's authority to issue "preliminary relief in aid of arbitration").

Preliminary injunctions are warranted where the party seeking the injunction "will be irreparably harmed if an injunction is not granted" and has shown either "(a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor." *Lusk* v. *Vill. of Cold Spring*, 475 F.3d 480, 485 (2d Cir. 2003). As the Tribunal has already found, Alperton easily meets these requirements.

### A. Petitioners Will Be Irreparably Harmed if Constellation Is Not Ordered To Comply with the Tribunal's Interim Award.

A harm is deemed "irreparable" if it is "actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB*, 559 F.3d at 118. In arbitrations, courts may aid arbitrations through temporary equitable relief where, as here, such relief is "necessary to preserve the meaningfulness of the arbitral

7

process" and "prevent the arbitral process from becoming an empty formality." *Asa*, 757 F. Supp. 2d at 240, 242 (enjoining a party from performing an agreement with a third party allegedly entered in violation of an agreement that was being arbitrated, so that the tribunal could have an opportunity decide on the issue); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Salvano*, 999 F.2d 211, 212, 214-15 (7th Cir. 1993) (affirming a TRO "to keep the defendants from soliciting clients or disclosing client information" after having gone "to work for a competitor" pending arbitration).[3] Even in cases where an arbitral award grants only monetary relief, courts have issued preliminary injunctions pending confirmation of such awards to prevent the party against which the award was issued "from attempting to avoid the consequences of a potential judgment against it and thereby preserve" the ability of the party seeking confirmation to obtain the relief the arbitral tribunal granted. *GE Transportation (Shenyang) Co.* v. *A-Power Energy Generation Sys., Ltd.*, 2015 WL 7444625, at *2 (S.D.N.Y. Nov. 23, 2015) (Engelmayer, J.); *Alvenus Shipping Co.* v. *Delta Petroleum (U.S.A.) Ltd.*, 876 F. Supp. 482, 487 (S.D.N.Y. 1994) (Preska, J.) (granting preliminary injunction upon finding that "absent equitable relief from this Court, a [likely] money judgment in the London Arbitration will go unsatisfied" due to respondent's plan to transfer away assets).[4]

---

[3] Similarly, courts outside of the arbitration context have held that "preliminary injunctions are proper to prevent a defendant from making a judgment uncollectible." *Republic of Philippines* v. *Marcos*, 806 F.2d 344, 356 (2d Cir. 1986); *Quantum Corp. Funding, Ltd.* v. *Assist You Home Health Care Servs. of VA.*, 144 F. Supp. 2d 241, 248 (S.D.N.Y. 2001) (Owen, J.) ("Preliminary injunctions are therefore appropriate to thwart a defendant from making a judgment uncollectible."); *Gelfand* v. *Stone*, 727 F. Supp. 98, 100 (S.D.N.Y. 1989) (Leisure, J.) ("[A] demonstration of intent to frustrate a judgment will satisfy the requirement for a preliminary injunction of a showing of irreparable harm.").

[4] *See also Health Professionals & Allied Employees AFT/AFL–CIO* v. *MHA, LLC*, 2017 WL 6550488, at *3 (D.N.J. Dec. 21, 2017) (issuing an order restraining defendant from dissipating its assets pending enforcement of the arbitral award because otherwise the award "would be rendered futile"); *Loral Corp.* v. *Swiftships, Inc.*, 77 F.3d 420, 421 (11th Cir. 1996) (affirming preliminary injunction ordering the same relief as the award that was being confirmed

8

Here, the Tribunal has already determined it "necessary to order interim measures to preserve its ability to render an effective final Award on, among other claims and counterclaims, whether the Claimant or the Respondent Alperton owns the Disputed Shares." (Petition Ex. 1 (Interim Award) ¶ 2.)  Yet, Alperton's ability to enforce the Interim Award is under imminent threat from Constellation.  As set forth in the Petition, since the Tribunal first ordered Constellation not to encumber the Disputed Shares on April 8, 2019, Constellation has apparently done nothing to revise its restructuring plan to avoid an improper pledge of the Disputed Shares or to otherwise accommodate the Tribunal's ability to effectively rule on the merits of the parties' claims.  Instead, Constellation has told the RJ Court that the Tribunal's order "is not effective in Brazil and not capable of interfering in the management of [the] reorganization proceeding."  (Neuhaus Decl. Ex. A.)  Moreover, despite Alperton's extensive efforts to assert its rights as the minority shareholder of the Companies in the RJ Proceedings in Brazil, to date the RJ Court has accepted Constellation's false claim that it is the sole owner of the Drillship Companies and not recognized Alperton's ownership rights.  In particular, on May 16, 2019, the RJ Court declined to recognize Alperton as owner of the Disputed Shares and, at Constellation's request, set the date for the Creditors' Meeting to proceed to approve the existing RJ Plan on for June 5, 2019 (for a first meeting) and June 18, 2019 (for a potential second meeting), which would set into motion the improper encumbrance of the Disputed Shares.  (Neuhaus Decl. Ex. B.)   In addition, on May 8, the Brazil Court of Appeals declined to give effect to the Award as issued by the Tribunal because it had not been formalized by a court under Brazilian law.  (Neuhaus Decl. Ex. C.)

---

upon showing that Respondent did not intend to comply with the award); *Morgan Stanley Smith Barney LLC* v. *Walker*, 2018 WL 1737512, at *4 (E.D. Pa. Mar. 22, 2018) (granting injunction upon showing, *inter alia*, that "absent a preliminary injunction, [respondent] has shown a strong likelihood of not paying the arbitration award").

Constellation thus appears to be barreling towards approval in Brazil of its RJ Plan notwithstanding the Interim Award.  The RJ Plan is supported by a majority of Constellation's creditors, including lenders in this District, who are the beneficiaries of the cross-collateralization provided for in the PSA entered by Constellation.  (Petition Ex. 1 (Interim Award) ¶ 170 (citing Constellation's assertion that the RJ Plan "is supported by over 72% of . . . secured and unsecured creditors").)  Therefore, the creditors are likely to vote in favor of the RJ Plan at the Creditors' Meeting on June 5.  There has been no indication creditor support for the current RJ Plan has diminished in any meaningful way, or any sign that the creditors will comply with the duly issued Interim Award.  Once a Brazilian court confirms the RJ Plan, which is expected very shortly after the creditors' approval of the RJ Plan, parties to the PSA will presumably begin to implement it.  (*Id.* ¶¶ 137-38, 203-206.)  As the Tribunal recognized, "these events. . . [will] mak[e] any final Award in Alperton's favor effectively unenforceable."  (*Id.* ¶ 204.)  Likewise, if Constellation and persons acting in concert with it are permitted to push through the current RJ Plan in Brazil before this Court can confirm and enforce the Interim Award, the Tribunal's granted relief (and any judgment confirming it) will be ineffective and this proceeding contemplated by the Convention and the FAA would become the type of "empty formality" that the FAA was meant to prevent.  *Asa*, 757 F. Supp. 2d at 242.

### B. Petitioners Are Likely to Succeed on the Merits of Their Request To Confirm and Enforce the Interim Award

As set forth above, *supra* pp. 2-7, under the FAA and New York Convention Alperton has demonstrated that the Interim Award should be confirmed and enforced, particularly under "the lenient standard for confirmation of an arbitral award" such as the Interim Award.  *GE Transportation*, 2015 WL 7444625, at *3.

10

### C. Constellation Will Face No Undue Hardship from a Preliminary Injunction Pending Confirmation of the Interim Award

Further, Constellation will suffer no undue hardship from an order of this Court granting on a temporary basis the same relief that the Tribunal first granted more than a month ago. Indeed, Constellation has received notice of the Petition and will have an opportunity before this Court to object to confirmation of the Interim Awards if it so chooses.

### D. No Security Is Warranted.

Rule 65 requires posting of security "in an amount that the court considers proper to pay the cost and damages sustained by any party found to have been wrongfully enjoined or restrained," Fed. R. Civ. P. 65(c), but this rule "gives the district court wide discretion to set the amount of a bond, and even to dispense with the bond requirement where there has been no proof of likelihood of harm." *Corning Inc.* v. *PicVue Electronics, Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004).

There is no likelihood of any harm to Constellation requiring security where, as here, the preliminary injunction would simply enforce the Interim Order to which Constellation is already bound. Moreover, as set forth in the Petition, the Tribunal has already required Petitioners to post security for damages "for the additional and incremental costs that Constellation Group is likely to incur . . . as a result of the predicted further delay in the restructuring." (Petition Ex. 1 (Interim Award) ¶ 225, at 49-50.) Petitioners are currently engaged in negotiations with an insurance company to provide the type of security ordered by the Tribunal, and that matter remains before the Tribunal.

In any event, courts routinely dispense with a bond requirement where, as here, "the injunctive order [is] issued 'to aid and preserve the court's jurisdiction over the subject matter involved.'" *Ferguson* v. *Tabah,* 288 F.2d 665, 675 (2d Cir. 1961); *see Doctor's Assocs.,*

11

*Inc.* v. *Stuart*, 85 F.3d 975, 985 (2d Cir. 1996) (dispensing with the bond requirement where the ant-suit injunction merely preserved "district court's jurisdiction over the action to compel arbitration"). That is all that Petitioners seek here: a preliminary injunction adopting the Tribunal's Interim Award relief would aid and preserve the integrity of both the Arbitration and this Court's review of the Interim Award. Accordingly, no additional security is required.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court issue an order (i) to show cause why the Interim Award should not be confirmed and enforced and Respondent preliminarily enjoined from engaging in the conduct prohibited by the Interim Award until this Court enters judgment confirming and enforcing the Interim Award, or until the tribunal issues a final award on the merits of the dispute between the parties, whichever occurs first, and (ii) grant the relief requested in the Petition by (a) confirming the Interim Award and directing that this Interim Award be entered as a judgment of this Court; and (b) enjoining Constellation in the same manner set forth in the Interim Award until this Court can consider Petitioners' application to confirm that award, or until the arbitral tribunal issues a final award on the merits of the parties' claims in the Arbitration, whichever occurs first.

Dated:  New York, New York
        May 21, 2019

/s/ Joseph E. Neuhaus
Joseph E. Neuhaus
Andrew G. Dietderich
Andrew J. Finn
Inbar R. Gal
Sullivan & Cromwell LLP
125 Broad Street
New York, New York  10004-2498
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Dr. Matthias M. Pitkowitz
379 West Broadway
New York, NY 10012
Tel: 646-902-6993

*Counsel to Alperton Capital Ltd.,*
*Capinvest Fund Ltd.,*
*Universal Investment Fund Ltd.,*
*Comercial Perfuradora Delba Baiana Ltda. and*
*Interoil Representação Ltda.*